**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| B. KOO, <br><br> Plaintiff, <br><br> v. <br><br> H MART, INC., <br> HANA MART NY CORP, <br> M2M ALUMNI HALL CORP., <br><br> Defendants. | Index No. **20-CV-5743** <br><br><br> **COMPLAINT** |

H Mart fired Plaintiff B. Koo for taking leave from work to attend to his pregnant wife when she experienced a medical event in connection with her pregnancy. Defendants also failed to pay Mr. Koo overtime, spread of hours pay, and to provide requisite breaks and notices under the New York Labor Law. This case concerns facial violations of law that must be swiftly remedied.

1

Plaintiff B. Koo ("Mr. Koo") by and through his undersigned counsel, Josh Bernstein P.C., for his Complaint against Defendants H Mart, Inc., Hana Mart NY Corp., and M2M Alumni Hall Corp. (collectively "defendants" or "H Mart") alleges as precedes and follows. In accordance with Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial of this action.

**Nature of the Action: Family and Medical Leave Act and Wage & Hour Violations**

1. Mr. Koo brings this action under the Family and Medical Leave Act ("FMLA"), 29 USC § 2601 et. seq., and the New York Labor Law, Article 6 (§ 190 et. seq.), Article 19 (§ 650 et. seq.), and accompanying Orders.

**Jurisdiction and Venue**

2. This Court possesses subject matter jurisdiction pursuant to 28 USC § 1331 and 28 USC § 1367 (supplemental jurisdiction).

3. Venue is proper in this District pursuant to 28 USC § 1391(b)(1-2).

**The Parties**

4. Plaintiff B. Koo is a male resident of New Jersey who at all relevant times was employed in New York, NY.

5. Defendant H Mart, Inc. is a national Asian supermarket chain headquartered in New Jersey, with numerous locations in New York State and New York City.

6. Upon information and belief, Defendant Hana Mart NY Corp is a wholly-owned subsidiary of H Mart Inc., headquartered in New York City.

7. Upon information and belief, M2M Alumni Hall Corp. is a wholly-owned subsidiary of H Mart, Inc., headquartered in New York City.

**Factual Allegations**

8. Mr. Koo began his employment with Defendants on August 6, 2018 at the H Mart grocery store located on 32nd street in midtown Manhattan.

9. In January 2019, Defendants transferred Mr. Koo to a defunct M2M location at 19 Waverly Place in downtown Manhattan. This location was treated as a temporary warehouse used to prepare for the opening of a new M2M location at the base of NYU's Alumni Hall building in the East Village of Manhattan.

10. As of April 1, 2019 Mr. Koo was charged with overseeing the buildout of the new East Village M2M location, but continued to be based out of the 19 Waverly Place location, traveling frequently back and forth between that location and the East Village storefront.

11. In early July 2019, Mr. Koo was transferred to the H Mart supporting office on 25 West 32nd Street in midtown Manhattan.

**Mr. Koo's Wife Has a Medical Emergency**

12. On August 12, 2019, Mr. Koo received a frantic call from his 5-months-pregnant wife informing him that she was experiencing sharp stomach pains and asking him to come home immediately to attend to her. Mr. Koo informed his manager Ryan Lim that he needed to leave work for that reason, and Mr. Lim told him to go ahead.

13. Mr. Koo rushed home to attend to his wife. Luckily, her symptoms ultimately subsided, and they decided she did not need to go to the emergency room. Mr. Koo returned to his post later that day.

**Defendants Fire Mr. Koo**

14. The following day, New York Director Kwan Soo Kim called Mr. Koo into the corporate office and asked him what had happened. Mr. Koo explained the events of the prior day, and Mr. Kim demanded a physician's note for the absence.

15. Mr. Koo explained that they did not end up going to the hospital and so he did not have a doctor's note for the absence, at which point Mr. Kim became enraged and went on a diatribe, ultimately culminating in Mr. Koo's termination at the conclusion of the meeting

**Wage & Hour Violations**

16. From January 2019 until his termination, Mr. Koo's pay stubs did not include the hours he worked, and failed to include other information required under the Wage Theft Prevention Act.

17. As of January 1, 2019, New York State raised the salary threshold for exemption from overtime to the extent that Mr. Koo was now eligible for overtime.

18. From January 2019 until he was transferred to the 32nd Street supporting office in July 2019, Mr. Koo worked a 7:30 A.M. to 7:30 P.M. shift with a one-hour lunch break, but was not paid any overtime.

19. During the same time period, Mr. Koo was not paid an additional hour's wages as required under New York Labor Law for a shift of ten hours or more (spread of hours).

20. Also during the same time period, Defendants failed to provide Mr. Koo with a break period of at least 20 minutes' duration between 5:00 and 7:00 P.M. as required under New York Labor Law for any shift beginning before 11:00 A.M. and extending past 7:00 P.M..

### FMLA Coverage

21. Mr. Koo worked for Defendants in excess of 12 months prior to his taking of leave and termination, and in excess of 1,250 hours of service during that period.

22. Defendants employee well in excess of 50 employees within 75 miles of the locations where Mr. Koo was employed.

### Liability

23. Upon information and belief, H Mart Inc. incorporates a separate entity for each store location. These locations are not franchises, but rather, wholly-owned subsidiaries that are dominated and controlled by H Mart Inc., and that exist for the exclusive benefit of H Mart Inc..

24. Upon information and belief, H Mart Inc.'s supermarket locations are titled "Hana Mart" or "H Mart", while its urban convenience store format/locations are titled "M2M", standing for morning to midnight. The name of the corporate entity created by H Mart Inc. for each store often borrows from that store's location, i.e. "M2M Alumni Hall Corp" is the M2M location at the base of New York University's Alumni Hall building.

25. These locations and related corporate entities operate under common ownership and management, and together with H Mart Inc., constitute a "single employer" and/or "single integrated enterprise" as a matter of law.

26. Upon information and belief, there is an overlap of officers and directors between the entities.

27. Defendants constitute a joint employer as a matter of law, and enjoy commonality of hiring, firing, discipline, supervision, and sometimes pay, among other factors.

28. For example, the letter terminating Mr. Koo's employment from Hana Mart NY Corp. is on H Mart stationery.

29. H Mart Inc. also readily transfers employees between its subsidiaries and their respective locations, such as was done with Mr. Koo as described above.

30. Defendants share facilities and equipment, along with overlaps in payroll. For example, when Mr. Koo was transferred to the 19 Waverly Place location – a defunct M2M which was used as a temporary warehouse in preparation for the opening of the East Village M2M – Mr. Koo continued to be paid by Hana Mart NY Corp until April 2019, when he was placed on the payroll for M2M Alumni Hall Corp..

31. Hana Mart NY Corp. and M2M Alumni Hall Corp. are the alter ego of H Mart Inc.. Upon information and belief, H Mart Inc. completely dominates and controls Hana Mart NY Corp. and M2M Alumni Hall Corp, which are not treated as separate corporate entities at arms-length, but as profit centers for H Mart Inc..

## FIRST CAUSE OF ACTION: VIOLATION OF THE FMLA

32. Plaintiff repeats and realleges the allegations contained in paragraphs 1-32 inclusive as if they were fully set forth herein.

33. The aforesaid actions of the Defendant constitute a violation of the Family and Medical Leave Act, 29 USC § 2601 et. seq..

34. As a result of Defendants' violation of the FMLA, Plaintiff has suffered and continues to suffer economic losses and other pecuniary damages. Plaintiff is also entitled to and demands an award of attorney's fees, costs, interest and liquidated and/or treble damages.

## SECOND CAUSE OF ACTION: FAILURE TO PAY OVERTIME UNDER THE NEW YORK LABOR LAW

35. Plaintiff repeats and realleges the allegations contained in paragraphs 1-32 inclusive as if they were fully set forth herein.

36. The aforesaid actions of the Defendants constitute a violation of the New York Labor Law, Article 6 (§ 190 et. seq.), Article 19 (§ 650 et. seq.), and accompanying Wage Orders, by failing to pay Mr. Koo applicable overtime rates for all hours worked in excess of forty per week.

37. As a result of Defendants' violation of the New York Labor Law, Mr. Koo suffered and continues to suffer economic damages in the form of lost wages and overtime, and is entitled to payment for such damages, treble and/or liquidated damages, civil penalties, interest, costs, attorney's fees, and other such legal and equitable relief as the Court deems just and proper.

## THIRD CAUSE OF ACTION: FAILURE TO PAY SPREAD OF HOURS

38. Plaintiff repeats and realleges the allegations contained in paragraphs 1-32 inclusive as if they were fully set forth herein.

39. The aforesaid actions of the Defendants constitute a violation of the New York Labor Law, Article 6 (§ 190 et. seq.), Article 19 (§ 650 et. seq.), and accompanying Wage Orders, by failing to pay Mr. Koo an additional hour's pay (spread of hours) for each shift he worked of ten hours duration or more.

40. As a result of Defendants' violation of the New York Labor Law, Mr. Koo suffered and continues to suffer economic damages in the form of lost wages and overtime, and is entitled to payment for such damages, treble and/or liquidated damages, civil penalties,

interest, costs, attorney's fees, and other such legal and equitable relief as the Court deems just and proper.

### FOURTH CAUSE OF ACTION: FAILURE TO PROVIDE WAGE THEFT PREVENTION ACT NOTICES

41. Plaintiff repeats and realleges the allegations contained in paragraphs 1-32 inclusive as if they were fully set forth herein.

42. The aforesaid actions of the Defendants constitute a violation of the New York Labor Law, Article 6 (§ 190 et. seq.), Article 19 (§ 650 et. seq.), and accompanying Wage Orders, by failing to provide Mr. Koo requisite information on periodic paystubs, including the hours worked during the pay period

43. As a result of Defendants' violation of the New York Labor Law, Mr. Koo suffered and continues to suffer economic damages, and is entitled to payment for such damages, statutory damages, treble and/or liquidated damages, penalties, civil penalties, interest, costs, attorney's fees, and other such legal and equitable relief as the Court deems just and proper.

### FIFTH CAUSE OF ACTION: FAILURE TO PROVIDE REQUISITE BREAKS

44. Plaintiff repeats and realleges the allegations contained in paragraphs 1-32 inclusive as if they were fully set forth herein.

45. The aforesaid actions of the Defendants constitute a violation of the New York Labor Law, Article 6 (§ 190 et. seq.), Article 19 (§ 650 et. seq.), and accompanying Wage Orders, by failing to provide Mr. Koo with a break of at least twenty minute's duration between 5:00 P.M. and 7:00 P.M. for shifts beginning before 11:00 A.M. and extending past 7:00 P.M.

46. As a result of Defendants' violation of the New York Labor Law, Mr. Koo suffered and continues to suffer economic damages, and is entitled to payment for such damages, statutory damages, treble and/or liquidated damages, penalties, civil penalties, interest, costs, attorney's fees, and other such legal and equitable relief as the Court deems just and proper.

WHEREFORE, Plaintiff B. Koo requests judgment against Defendants as follows: That this Court Order: i) Defendants to reinstate the plaintiff; ii) Defendants to pay monetary damages in an amount to be determined at trial including compensatory damages, back pay, front pay, interest, emotional distress/pain & suffering damages, statutory damages, liquidated damages, treble damages, punitive damages, and civil penalties & costs, including attorney's fees; iii) an award of such other and further relief as the Court deems just and proper.

Dated: July 23, 2020  
                                                                             Josh Bernstein, P.C.  
                                                                             *Counsel for Plaintiff*

                                                                         By:_____/s/_____  
                                                                    Joshua Alexander Bernstein  
                                                                        175 Varick Street  
                                                                       New York, NY 10014  
                                                                          (646) 308-1515  
                                                              jbernstein@jbernsteinpc.com