**BOYD | RICHARDS**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/3/20

1500 Broadway, Suite 505<br>
New York, New York 10036<br>
(212) 400-0626<br>
www.boydlawgroup.com

December 2, 2020

**MEMORANDUM ENDORSED**

*Via* Electronic Filing
The Honorable Gregory H. Woods
United States District Court, Southern District of New York
500 Pearl St., Room 2260
New York, NY 10007

      **RE: B. Koo v. HMart et. al., 20-CV-05743; Pre-Motion Conference Letter**

Dear Judge Woods,

    Our office represents the Defendants in the above referenced matter and write to request a pre-motion conference as a result of a discovery dispute related to Plaintiff's Requests to Admit.

    On October 19th, Plaintiff served Defendants with three Requests to Admit, one for each Defendant.[1] Each Request sought admissions to the same two questions:

1. Admit that Plaintiff was an "eligible employee" as defined by the Family and Medical Leave Act on or before August 12, 2019; and

2. Admit [the Defendant] was an "employer" as defined by the Family and Medical Leave Act on or before August 12, 2019, through August 13, 2019.

    It is well settled however, that requests which seek legal conclusions are not permitted under FRCP 36. See e.g. Lane No. 1 v. Lane Masters Bowling Inc., 2011 U.S. Dist. LEXIS 29231 (N.D.N.Y. 2011). Even requests that seek legal conclusions which are dependent on factual inquiries are still considered improper. Id. It is particularly inappropriate to seek admission of legal conclusions which go to the ultimate issues in the case. See e.g. S.W. Bach & Co. v. RBC Dain Correspondent Servs., 2010 Bankr. LEXIS 464 (S.D.N.Y. 2010). Stated differently, it is entirely appropriate for a party to "object to requests for admission when they call for a conclusion of one of the ultimate issues in the

---

[1] Plaintiff's counsel stipulated to extend the deadline to respond to the Requests to admit until today, December 2, 2020, as the parties were attempting to resolve the dispute and obviate the Defendants' need to respond to the Requests. However, those conciliation efforts were unsuccessful.

case, even if they related to the facts of the case". S.W. Bach & Co., supra, 2010 Bankr. LEXIS 464.

To this end, the purpose of Requests to Admit is to "reduce the costs of litigation by eliminating the necessity of proving facts that are not in substantial dispute, to narrow the scope of disputed issues, and to facilitate the presentation of cases to the trier of fact". S.W. Bach & Co., supra, 2010 Bankr. LEXIS 464.

Here, Plaintiff's Requests to Admit are an improper use of this discovery device as they not only seek Defendants' admission of legal conclusions, but ones which go to ultimate issues in this case.

Plaintiff's position is that the Requests do not seek admissions of legal conclusions, but rather they seek admission of the application of law to facts. But this is an oversimplification of the Requests.

In order to respond to the Requests, the Defendants would be required to conduct an in-depth *legal* analysis - - and to ultimately draw a *legal* conclusion - - as to whether the Defendants are legally considered a "single, integrated enterprise". This inquiry is necessary to determine whether Plaintiff is a "covered" employee, and if the Defendants are "covered" employers, under the FMLA.

First, Plaintiff was employed for approximately one year in total: (a) part of the year being employed by Hana Mart; and (b) part of the year being employed by M2M.[2] As this case is still at the beginning stages of discovery, it is not yet clear *exactly* how many hours Plaintiff worked for each entity. But there is a reasonable basis to believe that, for each employer, Plaintiff may have worked less than 1,250 hours, the minimum number of hours necessary to be considered a covered employee under the FMLA. As a result, the only way for Plaintiff to demonstrate that he is a covered employee is to illustrate that the Defendants are a "single, integrated enterprise" so that Plaintiff may aggregate the number of hours he worked for both entities. Plaintiff attempts to skirt his obligation by improperly seeking the Defendants' admission of this legal conclusion. Lane No. 1, supra, 2011 U.S. Dist. LEXIS 29231 (holding that requests which seek legal conclusions that are dependent on factual inquiries are still considered improper).

Moreover, at certain relevant times, Hana Mart had less than 50 employees, the minimum number of employees an entity must have to be covered under the FMLA. Again, for Plaintiff to overcome this obstacle, he would need to demonstrate that the entities are a single integrated enterprise so that he may aggregate the entities' number of employees. Plaintiff though cannot avoid the burden of making this demonstration by demanding that the Defendants admit to this legal conclusion (that the Defendants are a single integrated enterprise). See Lane No. 1, supra, 2011 U.S. Dist. LEXIS 29231.

It must finally be noted that while Plaintiff does not consider these issues to be ultimate issues in this case, they certainly are. Unless Plaintiff is able to meet the high

---

[2] Plaintiff was never employed by Defendant H Mart.

burden of illustrating that the entities are a single, integrated enterprise, it is likely that none of the parties are covered under the FMLA, and thus no basis for Plaintiff to assert claims under this statute.

The parties have met their "meet and confer" obligation. On November 30th, the undersigned advised Plaintiff's counsel of the Defendants' intent to request a pre-motion conference on the foregoing bases and requested a telephonic conference to discuss. I spoke with counsel yesterday afternoon to discuss our respective positions, but we were unable to come to an agreement for resolving this dispute. The call was brief (approximately five minutes) as the parties have already discussed the Requests to Admit in depth over the last several weeks.

As today is the Defendants' deadline to respond to Plaintiff's Requests to Admit, we respectfully request that this pre-motion conference letter satisfy the Defendants' obligation to respond and that the Requests to Admit not be deemed admitted.

We thank the Court for its consideration of the Defendants' request.

Very truly yours,

Jacqueline L. Aiello

Cc: Joshua Bernstein, Esq. (*via* electronic filing)

Application denied.  Defendants have failed to comply with Rule 2(C)(ii) of the Court's Individual Rules of Practice in Civil Cases.  Under that rule, "[t]o request a pre-motion conference concerning discovery, counsel must submit a single, jointly composed letter describing their discovery dispute(s)."

SO ORDERED.

Dated:  December 3, 2020

GREGORY H. WOODS
United States District Judge